FILED

07 MAY 25 AM 11: 35

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 01CR1983R/07CV0892 |
|---|---|
| Plaintiff, vs. | ORDER DENYING MOTION FOR TIME REDUCTION BY AN INMATE IN CUSTODY PURSUANT TO 28 U.S.C. §2255 |
| EMILIO OCTAVIO LOPEZ, Defendant. | |

Defendant pled guilty to conspiracy to distribute methamphetamine in violation of 21 U.S.C. § 846 and 841(a)(1) and, in a judgment filed on July 11, 2002, was sentenced to the custody of the Bureau of Prisons for a term of 108 months. Defendant did not appeal his sentence. Defendant has now filed a motion pursuant to 28 U.S.C. § 2255 seeking a reduction in his sentence based on the fact that, as a deportable alien, he is not entitled to be housed in a minimum security facility or a community correction center as are other inmates who are not deportable.

There is a one-year limitation period for filing a § 2255 motion. See 28 U.S.C. § 2255. That period begins to run from the latest of the date on which the judgment became final, the date on which the governmental impediment to making the motion was removed, the date on which the right asserted was recognized by the Supreme Court, or the date on which the facts supporting the claims presented could have been discovered through the exercise of due diligence. Id Here, there was never a governmental impediment that prevented defendant from

making this motion, nor is defendant raising a right that is newly recognized by the Supreme Court. Moreover, the facts upon which this motion is based have always been in defendant's possession. Thus, the one year period began to run on the date that the judgment became final, which was well more than one year ago. Accordingly, defendant's § 2255 is denied as untimely. The Clerk shall terminate 07CV0892R.

**IT IS SO ORDERED.**

DATED: 5/24 ,2007

JOHN S. RHOADES, SR.
United States District Judge

cc:   All parties